## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **5:90-CR-3 (WDO)** |
| **JERRY JEROME ANDERSON,** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

### ORDER

This matter is before the Court on the defendant's motion to modify his sentence based on Amendment 505 to the Sentencing Guidelines. This amendment set the upper limit of the Drug Quantity Table at level 38. <u>See</u> Tab #310. Following a verdict of guilty, Anderson was sentenced to the Bureau of Prisons for a period of Life. In calculating the sentencing guideline range, the Court applied the edition of the Guidelines Manual Effective Nov. 1, 1990 which authorized a base offense level of 42 for offenses involving 1.5 Kilograms or more of cocaine base. Applying other adjustments, the guideline range was determined to be Life based on a total offense level of 46 and a criminal history category of III.

In light of Amendment 505, the Court has recalculated the guideline sentencing range and determined it to be 360 months to Life based on a total offense level of 42 and a criminal history category of III. The total offense level was arrived after applying the four level increase in accordance with USSG 2D1.5(a)(1) to the base offense level of 38, USSG 2D1.1(c)(1). (Level 38 is applicable to offenses involving 15 Kilograms or more of cocaine

1

base.).  Because of the amount of drugs involved in this "Continuing Criminal Enterprise," which finding is fully supported by the facts in this case, and upon consideration of the factors set forth at 18 USC 3553(a), the Court finds that a sentence of LIFE imprisonment remains the appropriate sentence in this case.  Defendant's motion to reduce his sentence based on Amendment 505 is DENIED.

**SO ORDERED this 18th day of July, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**