IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | |
| v. | : | CASE NO.: 5:90-CR-3 (LJA-CHW) |
| | : | |
| JERRY JEROME ANDERSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Report & Recommendation ("R&R") dated August 14, 2017. Doc. 453. The Magistrate Judge recommended that Defendant's fifth Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), Doc. 442, be granted and that "the Court exercise its discretion to reconsider the sentencing factors of 18 U.S.C. § 3553(a) within the new guideline range prescribed under Amendment 782," because "Amendment 782 does [ ] change the guideline range from the range under which Defendant was originally sentenced in 1991." Doc. 453 at 5, 7. Pursuant to the Magistrate Judge's grant of the Government's Motion for extension to file an objection to the R&R, Doc. 453 at 10, the Government timely filed an objection on September 6, 2017. Doc. 454. Defendant did not file an objection. *See* Docket. The Court has performed a *de novo* review of those portions of the R&R to which the Government objects and reviewed all other findings for clear error. 28 U.S.C. § 636(b)(1).[1]

The Government asserts that "because of the application of the law-of-the-case doctrine, Amendment 782 does not have the effect of lowering Anderson's Guidelines range" as required by 18 U.S.C. § 3582(c)(2). Doc. 454 at 7. Specifically, the Government argues:

> When the Sentencing Commission enacted retroactive Guidelines Amendment 505, it had the effect of reducing Anderson's base offense level from 42 to 38, resulting in a new total offense level for Anderson of 42, and a new sentencing Guidelines range of 360 months to life imprisonment. The

---

[1] The Magistrate Judge also recommended that Defendant's four other Motions to reduce his sentence, Docs. 425, 428, 429, 435, be denied as moot. Doc. 453 at 1 n.1. There were no objections to that recommendation.

> district court so found in its order of July 20, 2006, as did the Eleventh Circuit in its order affirming the district court.
>
> . . .
>
> Anderson did appeal the denial of his motion to reduce sentence based on Amendment 505, as well as the denial of every other motion to reduce sentence. Each time the Eleventh Circuit affirmed. Thus, in this case there are multiple prior appellate rulings that trigger the law-of-the-case doctrine, including the prior ruling that Amendment 505 had the effect of lowering Anderson's Guidelines range, which Anderson asks this Court to disregard.
>
> . . .
>
> [T]his Court is bound by its previous determinations as to the effect of Amendment 505. The United States submits that the law-of-the-case doctrine applies and serves as [a] non-jurisdictional limit on Anderson's right to have this Court consider the effect of Amendment 782 using his original Guidelines range of life imprisonment.

Doc. 454 at 7, 9, 10. Thus, the Government argues, the Court should consider what effect Amendment 782 has on Defendant's guidelines range in light of both the Court's prior denial of Defendant's Motion to reduce his sentence under Amendment 505 and the Eleventh Circuit's affirmance of the Court's Order, where it was shown that Amendment 505 had the effect of lowering Defendant's guidelines range. *See* Docs. 360 & 371.

In its Response, the Government, relying on *United States v. Anderson*, 772 F.3d 662, 667 (11th Cir. 2014), and language in the Court's prior orders to the effect that Defendant's sentencing range was "previously established by the Court's order entered on July 18, 2016," initially argued (1) that Amendment 782 does not have the effect of lowering Defendant's guidelines because Amendment 505 changed Defendant's guidelines range from Life to a range of 360 months to Life, (2) that the Court had "resentence[d]" Defendant in its 2006 Order, and (3) therefore Defendant's sentence of life was "based on" the new guidelines range established when the Court denied Defendant's motion under Amendment 505. Doc. 447 at 7, 9, 11, 13; *see* Doc. 377. Subsequent to the Government's Response, *United States v. Caraballo-Martinez*, 866 F.3d 1233 (11th Cir. 2017), was decided, holding that certain language in *Anderson* relied on by the Government is dicta. 866 F.3d at 1244. In its objection to the R&R, the Government, no longer relying on *Anderson*, argues only that the factual and legal determinations by this Court at step one of its Order denying Defendant's past motion under Amendment 505 constitute a new guidelines range such that Defendant's original sentence is

2

no longer "based on" the guidelines in place at the time Defendant was originally sentenced. Thus, the Government contends that the law-of-the-case doctrine precludes Defendant's current Motion.

"Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission . . . ." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). "In considering a motion for such a reduction, . . . a district court must engage in a two-part analysis." *Id.* First, a court must recalculate the sentence under the amended guidelines, "first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* "The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Id.* at 781. At the second step, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see* U.S.S.G. § 1B1.10 ("[T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.").

A "district court's denial of [a defendant's] first § 3582(c)(2) motion on the merits [does] not produce a different sentence, or even re-impose [an] original sentence." *Caraballo*, 866 F.3d at 1245. As the Court of Appeals reasoned, "because § 3582(c)(2) only authorizes the reduction of sentences that are 'based on a sentencing range that has subsequently been lowered,' if a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *Id.* at 1240. Applying this reasoning to the instant case, Amendment 505 changed Defendant's guidelines range, but not his original sentence; thus, a reduction under §3582(c)(2) is available.

3

The Government's interpretation of the law invites the Court to ignore the Eleventh Circuit's holding that a denial of a § 3582(c)(2) motion at step two does not constitute a resentencing and, therefore, in such circumstances, the sentence of the defendant is still "based on" the guidelines in place at the time of the original sentence. The Court declines to do so. The Government's argument is incompatible with *Caraballo*, the plain language of § 3582(c)(2), the Eleventh Circuit's well-established two-part analysis for § 3582(c)(2) motions, the policy statement of the Sentencing Commission, and the existence of Amendment 782—itself an intervening change in controlling law. *See Anderson*, 772 F.3d at 668–69 (discussing intervening change in controlling law as exception to law-of-the-case doctrine). A holding to the contrary would deprive Defendant of the benefit of new retroactive Amendments to the Sentencing guidelines and penalize him for having sought to take advantage of past retroactive Amendments.

Thus, as no new sentence was imposed by the Court in the denial of Defendant's past § 3582(c)(2) motions and as the Court's prior findings—that amendments to the Sentencing guidelines lowered Defendant's guidelines range with regard to his prior § 3582(c)(2) motions—do not bar the application of Amendment 782, Defendant's Motion, Doc. 442, is **GRANTED**, and the Court will consider the sentencing factors of 18 U.S.C. § 3553(a) within the new guidelines range prescribed under Amendment 782. The Magistrate Judge recommended that Defendant's Motion for Sentence Reduction Hearing, Doc. 442, be denied as the "district court can reduce the sentence on its own motion and without a hearing. 18 U.S.C. § 3582(c)(2); Fed. R. Crim. P. 43(b)(4)." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010); Doc. 453 at 1 n.1. Nevertheless, the Court may, in the exercise of its discretion, hold a sentence reduction hearing. *See United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009). The Court will hold a sentence reduction hearing[2] on December 12, 2017, at 2:00 p.m. in the Albany Division. Accordingly, Defendant's Motion for Sentence Reduction Hearing, Doc. 449, is **GRANTED**.

---

[2] A "sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* resentencing. Indeed, [The Eleventh Circuit] ha[s] held that *all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Bravo*, 203 F.3d at 781 (emphasis in original) (citation omitted).

4

Upon full review and consideration of the record, to the extent that the Report & Recommendation is consistent with this Order, the Court finds that the Report & Recommendation should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, the Government's objection, Doc. 454, is **OVERRULED**.[3]

**SO ORDERED**, this 30th day of November, 2017.

>    /s/ Leslie J. Abrams
> **LESLIE J. ABRAMS, JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[3] "President Obama's commutation of [Defendant's] sentence is an executive action that does not affect [Defendant's] eligibility for [18 U.S.C. § 3582] relief. *Cf. Ohio Adult Parole Auth. V. Woodard*, 523 U.S. 272, 284 (1998) ('Clemency proceedings ... [are] independent of ... collateral relief proceedings.')." *United States v. Gibson*, 2017 WL 1301514, at *1 (D. Md. Apr. 7, 2017), *aff'd*, 694 F. App'x 170 (4th Cir. 2017) (alteration in original); *United States v. Buenrostro*, 2016 WL 6895445, at *2 (E.D. Cal. Nov. 23, 2016) ("The President's commutation of defendant's sentence does not confer eligibility for section 3582(c)(2) relief upon defendant."). Here, the President's commutation of Defendant's sentence does not affect the analysis in the R&R, and the Government did not object to the Magistrate Judge's finding that the President's commutation of Defendant's sentence did not moot Defendant's Motion. Accordingly, this finding by the Magistrate Judge was not clearly erroneous.